396 A.2d 1218

**COMMONWEALTH of Pennsylvania**

v.

**Allen RAY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 16, 1978.

Decided Jan. 24, 1979.

Kenneth D. Freeman, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty., Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Allen Ray was charged with murder, robbery and various other offenses arising out of the shooting death of Roosevelt Wilson in Philadelphia on August 2, 1974. Appellant, then sixteen years old, surrendered himself to the police in the early morning hours of August 3, 1974. Soon thereafter, appellant made a statement to police in which he admitted shooting the deceased but said he did so only in self-defense. Later the same morning, appellant made a second statement in which he admitted shooting the deceased during the course of an attempted robbery and revealed where the gun could be found. Although appellant was informed of his *Miranda* rights, he was not given the opportunity to consult with a parent, counsel, or other interested adult prior to making the inculpatory statements. Appellant, however, did not ask to consult with an adult before police questioning began.

Counsel was appointed and appellant pled guilty to murder generally on January 29, 1975, in return for the Commonwealth's certification that the degree of guilt would rise no higher than murder of the third degree. After a degree of guilt hearing, appellant was convicted of murder of the third degree and was sentenced to serve a term of eight to twenty years in prison. The remaining charges against appellant were nolle prossed. No direct appeal was taken.

On October 10, 1975, appellant filed a pro se petition for relief under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1978), in which he alleged that trial counsel provided ineffective assistance and that his guilty plea was unlawfully induced. The Post Conviction Hearing court appointed counsel and held an evidentiary hearing. Post Conviction relief was denied. We affirm.[1]

1. We hear this appeal pursuant to the Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1978), and the Appellate Court Jurisdiction Act, Act of July 31, 1970, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1978).

■ Appellant contends his guilty plea was not knowingly, intelligently, and voluntarily entered because the guilty plea colloquy fails to demonstrate that appellant was informed of the permissible range of sentences and fines for the offenses charged.[2] Under the Post Conviction Hearing Act, appellant has the burden of proving that he did not "knowingly and understandingly" waive any issue that could have been, but was not, raised on direct appeal. 19 P.S. §§ 1180–3(d), 1180–4(b)(1), and 1180–4(c) (failure to raise an issue on direct appeal gives rise to a rebuttable presumption of a "knowing and understanding" failure). Where a petitioner proves that failure to raise the issue on direct appeal was justified by "extraordinary circumstances," no waiver may be found. 19 P.S. § 1180–4(b)(2). Appellant's contention that his plea was invalid could have been raised in post-verdict motions and on direct appeal. *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974). Appellant has not alleged any "extraordinary circumstances" which may excuse his failure to file a direct appeal. Thus, the issue of the guilty plea colloquy's inadequacy has been waived and its merits cannot be reached on collateral attack. *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975).

■ Appellant also claims that trial counsel was ineffective in failing to file a pre-trial motion to suppress appellant's statements.[3] Though the issue is framed in general terms, appellant specifically alleges his statements were obtained in violation of the per se rule adopted in *Common-*

2. See *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978) (conviction on guilty plea reversed where on-the-record colloquy did not establish that accused was informed of the range of fines and punishment to which he was subject).

3. This issue has not been waived and is cognizable on collateral attack under the Post Conviction Hearing Act. "When a defendant fails on direct appeal to raise ineffectiveness of trial counsel, the issue of ineffectiveness is not waived if his appellate counsel was his trial counsel." *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). *Dancer* applies where no direct appeal has been taken. *Commonwealth v. Jones*, supra; *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976).

*wealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669 (1975), that a juvenile's inculpatory statement made without an opportunity to first consult with a parent, counsel or other interested adult is inadmissible.[4] *McCutchen*, however, was not decided until after appellant entered his plea of guilty.[5] At the time of appellant's guilty plea, an accused's age was no more than one factor to be considered in determining both whether *Miranda* rights had been validly waived and a statement was knowingly and voluntarily made. See *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974) (plurality opinion); *Commonwealth v. Moses*, 446 Pa. 350, 287 A.2d 131 (1971).

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967). In *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977), this Court declined to hold that counsel was ineffective for failing to foresee our adoption of the *McCutchen* per se exclusionary rule. Thus, under *Triplett*, trial counsel was not ineffective for failing to seek suppression of appellant's statement on *McCutchen* grounds before the *McCutchen* rule was adopted.

Accordingly, the order of the court below is affirmed.

O'BRIEN, J., did not participate in the consideration or decision of this case.

POMEROY, former J., did not participate in the decision of this case.

LARSEN, J., concurs in the result.

4. In support of his contention, appellant cites *Commonwealth v. Markle*, 475 Pa. 266, 380 A.2d 346 (1977) and *Commonwealth v. Crenshaw*, 475 Pa. 106, 379 A.2d 1305 (1977) in which this Court followed the per se exclusionary rule adopted in *McCutchen*.

5. Appellant may not avail himself of the *McCutchen* rule on collateral attack. *Commonwealth v. Triplett*, 476 Pa. 83, 89 n.8, 381 A.2d 877, 881 n.8 (1977). Compare *Commonwealth v. Chaney*, 465 Pa. 407, 350 A.2d 829 (1975).