406 A.2d 733

**COMMONWEALTH of Pennsylvania**

v.

**Charles Leslie NEWELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 21, 1979.

Decided Oct. 4, 1979.

Robert L. McQuaide, Gettysburg, for appellant.

Gary E. Hartman, Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In this appeal from denial of relief under the Post Conviction Hearing Act, appellant, Charles Leslie Newell, asserts that he did not waive the right to raise the issues here presented; that he should be permitted to withdraw his guilty plea to murder in the third degree because defense trial counsel was ineffective for failing to appeal and raise as error that the trial court, prior to accepting appellant's guilty plea, did not outline the elements of the crime charged in understandable terms. We disagree with appellant and affirm the order of the PCHA Court.

On October 26, 1976 appellant and Randy Lee Toner, shot and killed one Jack Pritt and subsequently stole certain items of his personal property. Appellant made a voluntary statement to the Pennsylvania State Police admitting his involvement two days after the crime was committed. There was some dispute as to who actually fired the shots. Newell testified on behalf of the Commonwealth at the trial of Toner. His testimony clearly indicated that both he and Toner committed the crimes with which they were charged. On March 8, 1977 Newell entered a plea of guilty to murder in the third degree. Newell had been charged with first degree murder. The Commonwealth agreed to accept a plea of guilty to third degree murder, and not to process the related prosecution for theft. Newell was sentenced on April 13, 1977, to a term of not less than five (5) nor more than fifteen (15) years in a state correctional institution. Newell did not appeal within the required thirty (30) day period. On August 15, 1977, appellant filed a pro se PCHA Petition. Counsel was appointed and on September 28, 1977 an amended PCHA Petition was filed along with a petition to withdraw the guilty plea nunc pro tunc. The petitions were denied after hearing and appeal was taken to this court.

The Post Conviction Hearing Act, 19 P.S. 1180–4(b), provides that an issue is waived if the petitioner knowingly

and understandingly failed to raise it and it could have been raised on appeal, and the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

■ The PCHA court properly rejected the assertions of the petitioner.

■ The proper test for determining the effectiveness of counsel is whether the course of action chosen by counsel has some reasonable basis designed to effectuate his client's best interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Defense trial counsel, Mr. Campbell, testified that he had many discussions with the appellant prior to the entering of the guilty plea, and that appellant knew what the alternatives were before he entered his plea. Appellant knew there was a possibility of receiving first degree murder, and he also knew the theft charges would be dropped by pleading guilty to third degree murder. Mr. Campbell had no reason to appeal and challenge the guilty plea as the right to appeal was explained to appellant during sentencing, and, appellant indicated his satisfaction with the sentence, and the first letter Mr. Campbell received regarding an alleged violation of rights was on August 1, 1977, well beyond the thirty (30) day statute of limitations required for appeal.

Mr. Campbell's actions appear very reasonable, in this situation, and in compliance with the standards set forth above. We do not reach the merits of whether the guilty plea was invalid since no extraordinary circumstances exist to justify appellant's failure to appeal within the time prescribed by law.

We therefore affirm the order of the PCHA Court.

Order affirmed.

ROBERTS, J., filed a concurring opinion in which EAGEN, C. J., joined.

NIX and MANDERINO, JJ., filed dissenting opinions.

478

ROBERTS, Justice, concurring.

I agree with the majority that appellant has not established his entitlement to post-conviction relief. The record supports the PCHA court's conclusion that appellant knowingly decided to enter a guilty plea and, satisfied with the result, elected not to appeal. The order of the PCHA court must therefore be affirmed. See Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 4, 19 P.S. § 1180–4 (Supp.1979).

EAGEN, C. J., joins this opinion.

NIX, Justice, dissenting.

The issue presented is not whether appellant was aware of his right to appeal or whether or not he was satisfied with his sentence. The majority does not question the fact that the colloquy was constitutionally infirm. It is also not disputed that counsel failed to advise appellant of this inadequacy during the period of time that an appeal could have been timely filed. Regardless of how advantageous a negotiated plea may be, the decision to enter it and to waive the right to appeal is a decision of the client and not counsel. Moreover, the decision to waive the right of appeal in this case could only be a knowing one if appellant had first been apprised of the constitutional deficiency in the colloquy and the legal effect of that deficiency. This did not occur and thus occasions my dissent.

MANDERINO, Justice, dissenting.

I must dissent. Appellant argues that counsel was ineffective for failing to recognize and advise him of the inadequacy of the guilty plea colloquy. I agree. In the colloquy the elements of the crime of murder of the third degree were not discussed and as such the plea cannot have been said to be voluntarily, intelligently and knowingly made. *Commonwealth v. Tabb*, 477 Pa. 115, 383 A.2d 849 (1978), Pa.R.Crim.P. 319(a). Counsel was ineffective for failing to so advise appellant and appellant should be permitted to withdraw his plea.