434 A.2d 103

**COMMONWEALTH of Pennsylvania**

v.

**Gregory SIMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 25, 1981.

Filed July 10, 1981.

Reargument Denied Sept. 4, 1981.

Burton A. Rose, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, JOHNSON and WIEAND, JJ.

SPAETH, Judge:

This is an appeal from an order denying relief under the Post Conviction Hearing Act.[1] The issue is whether appellant should be granted a new trial because the guilty plea colloquy was defective. The plea was entered as the result of a plea bargain. The record shows that had counsel informed appellant that the colloquy was defective, appellant would not have withdrawn his plea and gone to trial, but would have accepted the bargain. In these circumstances, we affirm.

On December 18, 1972, appellant was arrested and charged with larceny, receiving stolen property, possession of burglary tools and conspiracy. On March 14, 1974, pursuant to a plea bargain, appellant pleaded guilty to the charge of larceny and the lower court sentenced him to three years probation. Appellant took no appeal from the judgment of sentence.

On May 20, 1976 appellant was found to be in violation of his probation and was resentenced to a term of eleven and one-half months to twenty-three months imprisonment, to be served consecutively to any other sentence of confinement he was then serving. On June 2, 1978, appellant filed, *pro se*, a petition under the Post Conviction Hearing Act and requested the lower court to appoint counsel to represent him. On September 18, 1978, court-appointed counsel filed an amended PCHA petition, alleging that on March 14, 1974, appellant did not waive his right to a jury trial voluntarily

1. 19 P.S. § 1180–1 *et seq.*

and intelligently, that the guilty plea colloquy was defective in a number of respects, and that his attorney was ineffective in not drawing these defects to his attention and in not advising him of his right to withdraw his plea or challenge it on direct appeal.

On October 2, 1979, the lower court held an evidentiary hearing on these allegations, and on September 24, 1980, filed an opinion and order denying appellant's petition. It is from this order that appellant appeals.

The Commonwealth does not dispute appellant's contention that the guilty plea colloquy was defective; the colloquy did not explain the elements of the crime of larceny nor the permissible range of sentences for that offense. *See e. g., Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978); *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974).

Appellant's former counsel did not testify at the evidentiary hearing on appellant's PCHA petition; the only witness was appellant himself, and he did not testify in any detail about counsel's advice concerning the plea bargain. However, as the lower court found, appellant testified "that even if counsel had advised him of the defect in the plea he would not have chosen to negate the plea and go to trial." Slip op. at 5.[2]

Appellant argues that this finding was error, but the record supports it. At the hearing appellant testified under cross-examination as follows:

[THE COURT]: My recollection of the question, counsel, and you can rephrase it if my recollection is not

2. Reference is to the opinion filed on September 24, 1980.

accurate, after the guilty plea if your attorney had told you that there were defects in what had taken place and in effect that he could get you a new trial—

THE WITNESS: No, he didn't.

THE COURT: You didn't hear my question. Would you have wanted to have a new trial?

In essence is that your question?

MR. LIPOWICZ [Assistant District Attorney]: Yes, Your Honor.

In light of the three-year probation.

A.  The time I took the deal I was confined and they told me I could get out on the street right that same day so I went along with it.  That was my reason for going along with it.

*  *  *  *  *  *

Q.  And if he had told you that we could wipe that all off and you could go to trial in this case, would you have wanted to do that?

*  *  *  *  *  *

A.  If he could have guaranteed me that he could get me some street as he was doing with the probation, I would have went to trial.

Q.  But if he could not guarantee it, you would not have wanted a trial?

A.  No.

N.T. at 31–32.

Thus, appellant's own testimony was that even if counsel had told him that the guilty plea colloquy was defective, he would not have chosen to withdraw his plea *unless* counsel had assured him that if he went to trial and were convicted, he would receive the same sentence—probation—as under the plea bargain.  In these circumstances we shall not now give appellant the benefit of an option—a jury trial—that

he himself would not originally have chosen. *Commonwealth v. Newell*, 486 Pa. 474, 406 A.2d 733 (1979).

Affirmed.