456 A.2d 1080

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Anthony BURNO.**

Superior Court of Pennsylvania.

Submitted Nov. 4, 1981.

Filed Feb. 25, 1983.

Petition for Allowance of Appeal Denied June 17, 1983.

**2.** *See* 59 Pa.C.S.A. § 531.

Eric B. Henson, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

Dennis R. Suplee, Philadelphia, for appellee.

Before SPAETH, BECK and LIPEZ, JJ.

LIPEZ, Judge:

This is a Commonwealth appeal from an order permitting withdrawal of defendant's guilty pleas, vacating the judgment of sentence imposed on those pleas, and ordering a new trial. We agree with the Commonwealth that the lower court's order is inconsistent with *Commonwealth v. Newell*, 486 Pa. 474, 406 A.2d 733 (1979). Therefore we reverse the order of the court below, reinstating the guilty pleas and judgment of sentence.

Defendant was charged in 1974 with murder generally, as well as robbery and conspiracy. Defendant's counsel arranged a plea bargain, whereby defendant would plead guilty to murder and robbery, and the Commonwealth would certify that the murder rose no higher than third degree. The Commonwealth also agreed to recommend sentence of ten to twenty years for murder, with a consecutive five to ten years for robbery, and to move to nol pros the conspiracy charge. After a colloquy and summary of evidence by the prosecutor, Judge Savitt accepted the pleas of guilty of murder and robbery, adjudicated the degree of guilt for the murder as third degree, granted the motion to nol pros the conspiracy charge, and imposed the Common-

wealth's recommendation of sentences totalling fifteen to thirty years.

In 1977, defendant filed a Post Conviction Hearing Act petition. The PCHA court appointed counsel, who filed amended petitions. After an evidentiary hearing, Judge Blake entered an order vacating the judgment of sentence and granting defendant a new trial. The Commonwealth filed a timely petition for reconsideration, and Judge Blake vacated the order, pending reconsideration. On December 16, 1980 Judge Blake entered an order reinstating his original order granting a new trial. The Commonwealth then took this appeal.

Judge Blake held that defendant's guilty plea counsel had been ineffective in failing to raise the issue that the guilty plea colloquy was defective, because of failure to inform defendant of all elements of the offenses and the possible range of sentences. The Commonwealth contends we must reverse Judge Blake's determination, because of *Commonwealth v. Newell*, 486 Pa. 474, 406 A.2d 733 (1979) (plurality opinion by Flaherty, J., joined by O'Brien and Larsen, JJ.; concurring opinion by Roberts, J., joined by Eagen, C.J.), in which a total of five justices held that guilty plea counsel was not ineffective in failing to attack a defective colloquy, even though there were valid grounds to do so, because the record demonstrated that the defendant was satisfied with the favorable plea bargain which had been negotiated.

Defendant here contends that his guilty plea counsel was nonetheless ineffective, because the record here shows that counsel did not inform defendant that there were grounds for withdrawal of his pleas, so that defendant could weigh this possibility against the favorable plea bargain and make his own choice as to whether to attack the guilty pleas on the basis of defects in the colloquy. However, this was also the case in *Newell*, in which counsel's failure to advise his client that the colloquy was defective formed the basis for Justice Nix's dissenting opinion. 486 Pa. at 478, 406 A.2d at 735. Justice Nix's position that counsel was ineffective

was rejected by the five justices who joined the plurality and concurring opinions.

Defendant also contends that his 15-to-30 year sentence is not much better than the maximum he could have received had he gone to trial and been convicted of all offenses. While it is true that the plea bargain here was not so favorable as the one in *Newell,* it was nonetheless favorable, as the evidence summarized at the time of the guilty pleas colloquy would clearly have supported a finding of first-degree murder under 18 Pa.C.S. § 2502(a) (Supp. 1982–1983). Hence defendant could have received a life sentence rather than the ten to twenty years for murder. In addition, the sentence of five to ten years which defendant received for robbery under the plea bargain was less than the ten to twenty years he could have received had he been convicted of robbery at trial. The plea bargain also allowed defendant to avoid any sentence at all for criminal conspiracy, which was nol prossed. All that *Newell* requires is that the bargain be favorable, and that the defendant understand the bargain and be satisfied with it. These requirements were met here. The law governing this case has been precisely stated by Judge Spaeth:

> [T]he record shows that appellant's counsel negotiated a favorable plea bargain, and appellant understood the bargain and was satisfied to accept it rather than go to trial. In these circumstances counsel's failure to challenge the defective colloquy had a reasonable basis designed to effectuate appellant's interest. Accordingly, counsel was not ineffective. *Commonwealth v. Newell,* [supra]; *Commonwealth v. Simpson,* 290 Pa.Super. [11], 434 A.2d 103 (1981).

*Commonwealth v. Weiss,* 289 Pa.Super.Ct. 1, 8, 432 A.2d 1020, 1024 (1981) (concurring opinion).

Order reversed; guilty pleas and judgment of sentence reinstated.

SPAETH, J., files dissenting opinion.

SPAETH, Judge, dissenting:

As the majority recognizes, *Commonwealth v. Newell*, 486 Pa. 478, 406 A.2d 733 (1979), and *Commonwealth v. Weiss*, 289 Pa.Super. 1, 432 A.2d 1020 (1981), require that the plea bargain be favorable, and that the defendant understand the bargain and be satisfied to accept it rather than go to trial.

Although the majority characterizes the bargain here as favorable, the Commonwealth did not. Thus at the guilty plea hearing, in support of the court's accepting the plea, the assistant district attorney said:

> As the Court well knows a life sentence in Pennsylvania at the present time carries an average sentence in the neighborhood of fifteen years. This defendants [*sic*] guilty plea to that minimum sentence in effect provides the Commonwealth with the punishment that the law presently imposes as a practical matter, although not as a theoretical matter, and therefore we feel that the plea is justified based on all of those factors.

R.R. at 29a–30a.

But if we treat the bargain as favorable, still, appellee as defendant could not have understood it. For as the majority acknowledges, there was no discussion of the elements of the crime charged or of the permissible range of sentences. Since appellant could not have understood the bargain, he could not have been satisfied—that is, he could not make an intelligent decision to be satisfied—to accept it rather than go to trial.

*Newell* and *Weiss* do not support the majority but are *contra*. In *Newell*, "Appellant knew there was a possibility of receiving first degree murder, and he also knew the theft charges would be dropped by pleading guilty to third degree murder." 486 Pa. at 477, 406 A.2d at 734. In *Weiss*, the elements of the crime charged (burglary) were defined, and appellant knew he was "facing 40 to 60 years." 289 Pa.Super. at 7, 432 A.2d at 1023. He got only 4 to 10 years. Thus, in both cases the defendant got a bargain, he understood the bargain, and he could make an intelligent decision

to accept it rather than go to trial. Here, these requirements are not satisfied.

The order of the lower court should be affirmed.