476 A.2d 932

**COMMONWEALTH of Pennsylvania**

v.

**William Patrick MIDDLETON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 7, 1983.

Filed May 4, 1984.

144

Jon Stuart Pushinsky, Pittsburgh, for appellant.

Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before McEWEN, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the court which denied appellant's petition for Post Conviction Hearing Act relief, 42 Pa.C.S.A. § 9541 *et seq.* We affirm.

Appellant raises the following issues: (1) whether the trial court erred when it failed to explain on the record during appellant's guilty plea colloquy the essential elements of a jury trial; (2) whether the trial court erred when it failed to advise appellant of his right to file a motion to withdraw his guilty plea; and (3) appellant's guilty plea counsel was ineffective for failing to advise appellant of the defective colloquy, for failing to appeal attacking the defective colloquy, and for failing to advise appellant of his right to file a motion to withdraw his guilty plea. We affirm.

On May 25, 1977, appellant was convicted of murder of the second degree, kidnapping, and robbery for the fatal stabbing of Wanda Marie Geho. On May 23, 1977, appellant and defense counsels, Peter Campana and Waring

Fincke, commenced jury selection. This procedure continued for a period of three days, at which time the prosecution presented its chief witness, Frances Hunt, who was appellant's female companion. Hunt testified that she assisted appellant in his escape from Lewisburg Penitentiary on September 30, 1976, the day before the murder. She also stated that appellant had arranged to meet her in order to "drive him into the Williamsport area and let him off." N.T. 5/26/77 at 684. Hunt also was instructed to bring appellant a change of clothes and utensils, including a knife. After the appellant and Hunt met in the woods, Hunt drove appellant to a shopping center at which time appellant departed. The appellant then made arrangements to contact Hunt at a certain time each day.

The next day Hunt was driving and stopped at the same spot "[t]o where [she] had dropped him[, the appellant,] off the day before." N.T. 5/26/77 at 698. The witness noticed that the weeds were trampled and then noticed that the victim was seriously wounded. The witness called the police. The testimony continued. However, a recess was taken, and appellant elected to enter pleas of guilty to murder, kidnapping, and robbery. In exchange for the plea, the prosecution agreed to take no position on whether the plea would be concurrent or consecutive to any sentence appellant was serving, would indicate to the court that appellant's plea of guilty was a plea of guilty to murder of the second degree, robbery, and kidnapping, would agree that appellant should serve his federal sentence in a state penitentiary and would *nol pros* the other charges pending against appellant.

The plea was accepted, and appellant was sentenced to concurrent terms of imprisonment of not less than ten years nor more than twenty years each on the murder charge, the robbery charge, and the kidnapping charge. The court also ordered these terms to run concurrent with the federal sentence appellant already was serving. No direct appeal was taken.

On July 20, 1981, appellant filed a counselled PCHA petition which was denied after a hearing. This appeal followed.

There is no dispute that the colloquy was defective because it failed to advise appellant that the jurors would be members of the community, failed to advise appellant of his right to participate in the jury selection process, and also failed to advise appellant that a unanimous verdict must be rendered in a jury trial. *See Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973); *Commonwealth v. Weiss*, 289 Pa.Super. 1, 5, 432 A.2d 1020, 1022 (1981). Despite this defect, we are not persuaded that appellant is entitled to relief.

Appellant raises essentially two issues. He contends that the trial court erred when it gave a defective colloquy and in failing to advise appellant of his right to file a motion to withdraw his guilty plea. Appellant also raises counsel's ineffectiveness as a separate ground for relief in connection with these two issues.

At the outset, we note that an issue is waived if:
> "(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter.

> (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

> **(c) Presumption.**—There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

42 Pa.C.S.A. § 9544.

■ Additionally, at the time of appellant's guilty plea, May 25, 1977, a challenge to the validity of the guilty plea must have been raised first before the trial court in a

written motion for withdrawal. *Commonwealth v. Ford,* 484 Pa. 163, 165, 398 A.2d 995, 996 (1979).

However, in the instant case, because appellant was at no time informed of his right to file a petition to withdraw his plea or of the consequences attending his failure to so file, an effective waiver did not occur.[1] *Commonwealth v. Frankhouser,* 491 Pa. 171, 175, 420 A.2d 396, 398 (1980). Thus, appellant's failure to file a direct appeal did not constitute a knowing and understanding waiver in the instant case.

Thus, we will treat appellant's appeal before us as a motion to withdraw his guilty plea since there is no indication that appellant would raise any other issues not presently before us. *See Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983). Additionally, there is no need to remand because the issues appellant raises can be addressed on the present record. *See Commonwealth v. Miranda,* 296 Pa. Super. 441, 456, 442 A.2d 1133, 1141 (1982) ("Moreover, we have a complete record and can address each of the specific allegations raised by appellant").

1. The effective date of Pa.R.Crim.P. 320 and 321, September 7, 1977, preceded the appellant's guilty pleas by at least three months. However, even though these rules set forth the proper procedure to attack a guilty plea, the waiver analysis which we have applied is nonetheless appropriate. *See Frankhouser, supra* (guilty plea dated August 11, 1975).

In *Commonwealth v. Ford,* 484 Pa. at 165, 398 A.2d at 996, we commented on the proper procedure to attack a guilty plea which was entered on December 4, 1975:

"If the validity of a guilty plea is at issue, a written motion for withdrawal must be filed in the trial court. The matter may not be raised for the first time before us. We noted the requirement in *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975). In *Lee,* we considered a challenge to a guilty plea that was not raised in the trial court because we found that the law had not been clear. In *Commonwealth v. Dowling,* [482] Pa. [608], 394 A.2d 488 (1978), we held that the law was clear after *Lee. Dowling* involving a guilty plea entered five months after *Lee* was decided. We held that a challenge to a guilty plea was waived for failure to raise it in the trial court. *Lee* was decided on March 18, 1975, approximately eight months before the plea in the instant case. *Lee* and *Dowling* are controlling and require a finding of waiver."

Turning to the merits of appellant's attack on the validity of his guilty plea, we must remember the following guidelines:

"Presently, appellant seeks to withdraw his plea after the imposition of sentence. The standard for granting withdrawal at this stage of the proceedings is that of 'manifest injustice.' *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973). 'Manifest injustice' occurs where the accused makes an involuntary plea. *Id.* Upon a finding that a plea was involuntary, the court should permit withdrawal in order to correct a 'manifest injustice.' The defendant is so entitled, it would appear, as a matter of right. *Commonwealth v. Ammon*, 275 Pa.Super. 324, 418 A.2d 744 (1980). However, the determination of the existence of 'manifest injustice' is in the first instance for the trial court, which initially accepted the plea. *Commonwealth v. Starr, supra;* Pa.R.Crim.P. 320. Also, it needs to be remembered that the burden is on appellant to prove that his plea was not voluntary. *Commonwealth v. Johnson*, 273 Pa.Super. 488, 417 A.2d 753 (1979)."

*Commonwealth v. Carter*, 318 Pa.Super. 252, 264, 464 A.2d 1327, 1333–1334 (1983).

Additionally, our own Supreme Court has said that

"The desire of an accused to benefit from a plea bargain which he requests his counsel to arrange has been viewed as a 'strong indicator' of the voluntariness of the plea. *Commonwealth v. Lee*, 460 Pa. 324, 328, 333 A.2d 749, 750 (1975). *See also Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971). Just as a defendant may decide, as a matter of strategy or expedience, to 'voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime,' *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970), *accord Commonwealth v. Jackson*, 450 Pa. 417, 299 A.2d 209 (1973); *Commonwealth v. Sampson*, 445 Pa. 558, 285

A.2d 480 (1971); *Commonwealth v. Cottrell*, 433 Pa. 177, 249 A.2d 294 (1969), *so also may a defendant, as a matter of expedience, decide to accept a plea bargain offer solely to reap some benefit from the sentence recommendation reiterated to the judge at the time of the entry of the plea.* It is obvious that appellant's primary concern was length of sentence. Hence, we have great difficulty envisioning a scenario where the appellant, having benefit of an explanation of the elements of the crimes pursuant to [*Commonwealth v.*] *Ingram* [455 Pa. 198, 316 A.2d 77 (1974)], would halt the guilty plea colloquy with an assertion that these were not the crimes to which he intended to plead guilt.

We do not intend to blithely ignore the dereliction by the trial judge but we find it ironic that a rule intended to insure that a plea is entered intelligently might be invoked to invalidate a guilty plea obviously entered to secure a reduction in guilt from murder of the first degree to murder of the third degree and the sentence reduction apparent therein. After apparent satisfaction with the conviction for over four years, appellant relies upon *Ingram* in attempting to invalidate a plea of guilty which was entered at appellant's request after viewing the Commonwealth's case in chief and which was motivated by great concern over length of sentence. *The trial judge, after hearing competent evidence and being empowered to find the defendant guilty of murder of the first degree, permitted him to withdraw his earlier plea of not guilty and take advantage of the plea bargain offered by the office of the district attorney.* In so permitting the appellant to change his plea, the trial judge made the mistake of not explaining to the appellant the elements of murder of the third degree, including an explanation of malice, and the two firearms violations. We are, however, satisfied that appellant understood the 'nature of the charges' to which he pleaded guilty.

While we do not by today's holding intend to abolish the requirement laid down in *Ingram* that the elements of

the crime must be explained on the record to the defendant prior to the acceptance of a guilty plea, it is clear that strict application of *Ingram*, under the facts of this case, would not promote the interests which *Ingram* sought to protect. Accordingly, for all of the foregoing reasons, we are of the opinion that a petitioner, who attempts, after sentencing, to withdraw a plea of guilty entered after presentation of the Commonwealth's case, has not shown manifest injustice as would necessitate a reversal where the sole alleged injustice is failure of the trial court to explain the elements of the crimes to which the petitioner entered a plea of guilty."

*Commonwealth v. Shaffer*, 498 Pa. 342, 352–354, 446 A.2d 591, 596–597 (1982). (Emphasis added).

Similarly, in the instant case, appellant entered guilty pleas pursuant to a very favorable plea bargain. Earlier, appellant had proceeded before a jury but then waived his right to proceed after hearing the damaging evidence of the prosecution's first key witness. We note parenthetically that trial counsel had moved to disqualify the key witness from testifying on the basis that the witness was appellant's common law wife. However, this request was denied.

In exchange for appellant's pleas, the prosecution would contend that the murder would rise no higher than murder of the second degree, would take no position on whether the sentences would run concurrently or consecutively to the sentence appellant already was serving, would agree that appellant's federal sentence should be served in a state penitentiary and would *nol pros* the other charges pending against appellant.

Under the totality of the circumstances, and in view of the fact that appellant already had actually participated with his attorneys in the selection of jury trial which occurred over a period of three days, we have no doubt that appellant has not shown that manifest injustice exists because the trial court failed to explain his right to a jury trial adequately. *See Commonwealth v. Carson*, 503 Pa. 369, 371, 469 A.2d 599, 600 (1983) ("The question was whether

the waiver was knowing and intelligent, not whether certain talismanic questions were asked and answered.")

We also conclude that appellant was not deprived of the effective assistance of counsel. In evaluating appellant's claim of ineffectiveness, we must decide first if the claim made is of arguable merit. Then we must decide if the course of action chosen by counsel had some reasonable basis designed to effectuate the client's interest. *Commonwealth v. Weiss*, 289 Pa.Super. at 6, 432 A.2d at 1023 (1981). Because the failure to attack a defective colloquy does have arguable merit, we must examine the record to determine if counsel's action had some reasonable basis.

At the PCHA proceeding, Attorney Campana testified that appellant wanted the "best bargain" that the attorney could get. PCHA Transcript at 14. According to the attorney, appellant wanted an agreement "where he would plead guilty to some of the charges in return for which the Commonwealth would guarantee he would serve his state sentence, as well as his Federal sentence in a State institution," *Id.* Although the attorney admitted that he did not know at the time of the plea that it was defective, his opinion was that:

"any attorney who concentrates in a criminal defense would probably hold the same opinion that I will express now, and that is, that you would not attack the colloquy at the time that it is made, because you are closing the door forever on your client." *Id.* at 17.

Later in the PCHA hearing, the prosecutor attempted to call the appellant to the stand as a hostile witness "to establish that he had familiarity with his jury trial rights and for the purpose of showing that had he known of the colloquy defect, [appellant] wouldn't have changed his opinion as to pleading guilty at that time." *Id.* at 24. However, appellant's attorney objected, and the court denied the prosecution's request.

Because the record demonstrates that the plea bargain was favorable, that appellant exercised his right to a jury

trial earlier in the proceedings, and that appellant did not offer any evidence on his behalf to substantiate his claim of ineffectiveness, a claim of ineffectiveness has not been established. *See Commonwealth v. Weiss, supra.*

Moreover, even appellant's own testimony at the guilty plea hearing supports a conclusion that the plea bargain was favorable. During the colloquy, the record states:

[The Court]

"Q   I want to know from you, you are pleading guilty and you're telling me you did these things and you're admitting that you're doing them not because of the plea bargain but because you admitted doing them?

[Appellant]

A   Yes, sir.   Your Honor, if it hadn't been for the circumstances of the plea bargain, I wouldn't have pleaded guilty.

Q   Well, I'm aware of that, but I want to make certain that you are admitting that you did these things and you're not saying to me that you did these things because of the plea bargain?

A   *No, sir.   It was in consideration of the plea bargain.*

Q   Right.   If there wouldn't have been the plea bargain, you're telling me you would have continued with your plea of not guilty?

A   *That's correct.*

Q   That's what you're saying.   But you're not saying that you didn't do these things?

A   *No, I'm not saying that.*

Q   You're telling me that you did do them?

A   *Yes, sir.*"   .

Guilty Plea Colloquy at 743–744.   (Emphasis added).

Thus, appellant's own testimony establishes that his reason for entering a plea of guilty was because of the plea

154

bargain. *See Commonwealth v. Simpson*, 290 Pa.Super. 11, 14, 434 A.2d 103, 105 (1981).

Order is affirmed.

JOHNSON, J., concurs in the result.