484 A.2d 144

**COMMONWEALTH of Pennsylvania**

**v.**

**Donald TYLER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1984.

Filed Nov. 9, 1984.

Gary P. Heslin, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, DEL SOLE and POPOVICH, JJ.

CIRILLO, Judge:

On June 9, 1972 the appellant, represented by counsel, entered a negotiated guilty plea for three years probation on charges of burglary, assault on a police officer, and resisting arrest. Judge Mirarchi accepted the plea and advised the appellant of his right to appeal and the grounds

upon which such an appeal could be made. On November 20, 1973 appellant appeared before Judge Mirarchi in violation of his probation. He was sentenced to a new probationary term.

On December 13, 1978, six years and six months after the guilty plea, the appellant once again appeared before Judge Mirarchi in violation of his probation. Probation was revoked and appellant was sentenced to ten to twenty years imprisonment. On October 26, 1979, seven years and four months after the guilty plea, appellant filed a petition under the Post Conviction Hearing Act. In the petition the appellant contends that he is entitled to relief based on an inadequate guilty plea colloquy.

The issue with which we are confronted was addressed by our Court in *Commonwealth v. Kale*, 312 Pa.Super. 69, 458 A.2d 239 (1983) where the appellant sought relief based on defective guilty plea colloquies. *See also Commonwealth v. Courts*, 315 Pa.Super. 124, 461 A.2d 828 (1983); *Commonwealth v. Strickland*, 306 Pa. 516, 452 A.2d 844 (1983). The appellant in *Kale*, as does the appellant in the instant case, contended that the colloquies were defective in that they failed to recite the elements of the offenses to which the pleas were being entered and that counsel was ineffective for failing to be certain that the pleas so entered were knowing, intelligent and voluntary.

In *Kale* and in the case at bar the appellants both failed to explain the delays in filing their requests.

These unexplained delays bar a consideration of the merits of the several claims which appellant seeks to assert in collateral attacks on his prior convictions. *Commonwealth v. Shaffer*, 498 Pa. 342, 354, 446 A.2d 591, 597 (1982) (Concurring Opinion by Roberts, J., with O'Brien, C.J., and Nix, J., joining); *Commonwealth v. Minarik*, 493 Pa. 573, 583, 427 A.2d 623, 628–629 (1981) (Concurring Opinion by Roberts, J., with O'Brien, C.J., and Nix, J., joining). *See also: Commonwealth v. Gardner*, [499] Pa. [263, 266] n. 2, 452 A.2d 1346, 1347 n. 2 (1982); *Commonwealth v. Jumper*, 494 Pa. 451, 454, 431

A.2d 941, 942 (1981); *Commonwealth v. Shore*, 487 Pa. 534, 541, 410 A.2d 740, 744 (1980) (Concurring Opinion by Roberts, J.): *Commonwealth v. Roach*, [307] Pa.Super. [506, 509], 453 A.2d 1001, 1003 (1982). *Cf. Commonwealth v. Thompson*, 302 Pa.Super. 19, 26, 448 A.2d 74, 77 (1982);

In *Commonwealth v. Shaffer, supra*, a majority of the Supreme Court, in an opinion by Flaherty, J., repeated the principle of law which holds: "When considering a petition to withdraw a guilty plea submitted to a trial court after sentencing ... it is well established that 'a showing of prejudice on the order of manifest injustice,' *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973), is required before withdrawal is properly justified." *Id.* 498 Pa. at 346, 446 A.2d at 593 (emphasis in original).

*Commonwealth v. Kale, supra* 312 Pa.Super. at 72, 458 A.2d at 241.

■ Appellant dropped his appeal from the sentence imposed following his revocation of probation. No action was taken until 7 years and 4 months after the guilty plea when he filed his Post Conviction Hearing Act (PCHA) petition. Appellant alleges no extraordinary circumstances to explain why the issue was not raised. Nor does he offer any explanation why, given the opportunity to pursue the matter, it was withdrawn and discontinued. *Commonwealth v. Sheid*, 443 Pa. 82, 278 A.2d 160 (1971). *See also Commonwealth v. Newell*, 486 Pa. 474, 406 A.2d 733 (1979); *Commonwealth v. Ray*, 483 Pa. 377, 396 A.2d 1218 (1979) (where the court stated that failure to raise an issue on direct appeal gives rise to a rebuttable presumption of a knowing and understanding failure); *Commonwealth v. Bolding*, 315 Pa.Super. 444, 462 A.2d 278 (1983). *See also Commonwealth v. Klinger*, 323 Pa.Super. 181, 470 A.2d 540 (1983). Accordingly, the appellant has waived his right to attack his 1972 guilty plea colloquy.

■ Assuming arguendo that appellant could challenge his guilty plea colloquy, and counsel's ineffectiveness with

regard to the defective plea, his claims would fail. He states that he did not know what the crime of burglary was until the night before the evidentiary hearing. The on the record colloquy belies appellant's assertions. He admitted that he had previously been convicted of burglary six times, that he pled guilty to avoid going back to the State Correctional Institution at Camp Hill, and finally that he was satisfied with the plea bargain for probation. He cannot later be heard to complain that counsel was ineffective. *Commonwealth v. Newell, supra. See also Commonwealth v. Burno,* 310 Pa.Super. 564, 456 A.2d 1080 (1983).

■ Appellant also raises the issue of the applicability of *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974) to his case. He states that his guilty plea colloquy was defective because it did not satisfy the requirements set forth in *Ingram.* This argument is without merit. The *Ingram* requirements do not apply to guilty pleas accepted before the date of the decision, January 24, 1974. *See also Commonwealth v. Dade,* 275 Pa. 160, 418 A.2d 661 (1980); *Commonwealth v. Schork,* 230 Pa.Super. 411, 326 A.2d 878 (1974) *affirmed* 467 Pa. 248, 356 A.2d 355 (1976).

Appellant received a very favorable bargain in exchange for the plea entered. Testimony given by him indicates his satisfaction with the bargain. It was not until Judge Mirarchi revoked appellant's probation that he sought to complain about his guilty plea for the first time. "In these circumstances we shall not give appellant the benefit of an option—a jury trial—that he himself would not originally have chosen." *Commonwealth v. Simpson,* 290 Pa.Super. 11, 434 A.2d 103 (1981).

Defendants have the burden of showing ineffectiveness of counsel as a basis for relief in post conviction hearings. *Commonwealth v. LaSane,* 479 Pa. 629, 389 A.2d 48 (1978). Whether a "particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest" is the test for effectiveness of counsel. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

*Commonwealth v. Shore,* 487 Pa. 534, 410 A.2d 740 (1980). In *Shore,* counsel failed to file post trial motions, thus, failing to preserve issues for appellate review. Ruling that this did not constitute per se ineffectiveness of counsel, the court reasoned that applying the *Maroney* test, if the issue were without merit, counsel could not be deemed ineffective for failing to preserve it. Likewise, we cannot find counsel ineffective for failing to preserve for review an issue which was without any merit.

"[A]ppellant's prolonged silence here becomes deafening in light of the rights which the appellant claims he was denied." *Commonwealth v. Courts, supra* 315 Pa.Super. at 134, 461 A.2d at 833.

Accordingly, we affirm the order of the trial court.

DEL SOLE, J., concurs in the result.

POPOVICH, J., files a concurring statement.

POPOVICH, Judge, concurring:

I agree that a waiver has occurred. As a result, any discussion concerning the merits of the issues raised is superfluous.