398 A.2d 995

**COMMONWEALTH of Pennsylvania**

v.

**Wayne FORD a/k/a Levan Spann, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 9, 1979.

Decided March 16, 1979.

James Gardner Colins, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Neil Kitrosser, Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Wayne Ford, a/k/a Levan Spann, pleaded guilty to murder of the third degree in the Court of Common Pleas of Philadelphia on December 4, 1975. He was

sentenced to eight to twenty years in prison. He appeals the judgment of sentence on the basis that the guilty plea was invalid.

■ Appellant contends that he pleaded guilty without being adequately informed of his rights in the colloquy. He did not petition the trial court for withdrawal of his plea, which was not in accordance with proper procedure. If the validity of a guilty plea is at issue, a written motion for withdrawal must be filed in the trial court. The matter may not be raised for the first time before us. We noted the requirement in *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975). In *Lee*, we considered a challenge to a guilty plea that was not raised in the trial court because we found that the law had not been clear. In *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978), we held that the law was clear after *Lee*. *Dowling* involved a guilty plea entered five months after *Lee* was decided. We held that a challenge to a guilty plea was waived for failure to raise it in the trial court. *Lee* was decided on March 18, 1975, approximately eight months before the plea in the instant case. *Lee* and *Dowling* are controlling and require a finding of waiver.

■ Appellant, assisted by new counsel, makes several arguments that trial counsel was ineffective because of the lack of consultation between himself and counsel. Appellant alleges five instances of alleged neglect which mandate a finding of ineffective assistance of counsel. Appellant claims:

1. Counsel was ineffective because he consulted with appellant only on the morning of the guilty plea.

2. Counsel was ineffective in not adequately explaining to appellant his right to attack the admissibility of an alleged inculpatory statement.

3. Counsel was ineffective in not adequately explaining the right of appeal from the denial of a suppression motion.

4. Counsel was ineffective because of the alleged lack of communication between counsel and appellant on proceeding to trial without the introduction of his statement; and

5. Counsel was ineffective in allowing appellant to plead guilty because of counsel's alleged non-awareness of the running of Rule 1100.

The record in the above matter is remanded to the Court of Common Pleas of Philadelphia for an evidentiary hearing to determine whether appellant was denied effective assistance of trial counsel. If, following the hearing, and the making of findings of fact and conclusions of law, it is determined that appellant was denied effective assistance of counsel, and that such ineffectiveness affords a basis for relief, an order shall be entered granting appropriate relief. If it is determined that appellant was not denied effective assistance of counsel, then the record should be returned to this court for further consideration of the appeal. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Cabbagestalk*, 459 Pa. 564, 330 A.2d 840 (1975).

NIX, J., files a concurring and dissenting opinion.

NIX, Justice, concurring and dissenting.

For the reasons set forth in my dissenting opinion in *Commonwealth v. Dowling*, 482 Pa. 608, 611–612, 394 A.2d 488, 490 (1978) (Nix, J., dissenting), I disagree with the majority's conclusion that appellant's challenge to the validity of the guilty plea is waived due to his failure to petition the trial court for withdrawal of the plea.

Since the majority has determined that the question of ineffectiveness of counsel should be remanded for a hearing below (a decision in which I concur), I would also direct that court to consider the claim of invalidity of the guilty plea.