421 A.2d 1040

**COMMONWEALTH of Pennsylvania**

**v.**

**Wayne FORD a/k/a Levan Spann, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 9, 1979.

Decided Sept. 22, 1980.

588

James Gardner Colins, Philadelphia County, for appellant.

Niel Kitrosser, Asst. Dist. Atty., Philadelphia County, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Wayne Ford, a/k/a Levan Spann, pleaded guilty to murder of the third degree in the Court of Common Pleas of Philadelphia County on December 4, 1975. On March 16, 1976, he was sentenced to a term of imprisonment of not less than eight nor more than twenty years.

A direct appeal was taken to this Court in which appellant claimed, inter alia, he had been denied effective assistance of counsel. We remanded to the trial court for an evidentiary hearing on the claims of ineffectiveness. *Commonwealth v. Ford*, 484 Pa. 163, 398 A.2d 995 (1979). The evidentiary hearing so ordered was held on May 30, 1979, and on

February 15, 1980, the Court of Common Pleas of Philadelphia County determined appellant "was not deprived of his right to representation by competent counsel." In accordance with our mandate in *Ford, id*, 484 Pa. at 166, 398 A.2d at 996, the record is now returned to this Court for further consideration of the instant appeal.

Instantly, as at the evidentiary hearing, appellant argues his claim of ineffective assistance of counsel in five particulars.

Appellant correctly notes, initially, that the standard by which counsel's stewardship is gauged is well–settled:

"... counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 352–353 (1967) (Emphasis in original).

Notwithstanding the longevity of the *Washington v. Maroney* standard, appellant is constrained to note that it cannot be employed "from a standpoint of pure logic," and opines that our test is "a well meaning but ill–advised judicial non–sequitur." We decline appellant's implicit, if somewhat pedantic, invitation to depart from our standard of review. Moreover, we reiterate that the *Washington v. Maroney* test is far from being "a well meaning but ill–advised judicial non–sequitur." It is, rather, the law in Pennsylvania. We apply it to the instant case and affirm.

Appellant's first claim of ineffectiveness assails trial counsel's failure to attempt to interview witnesses or independently investigate his case.

Appellant had been represented initially by attorney George Gershenfeld. While so represented a suppression motion was filed, argued and denied. On November 10, 1975, attorney Gershenfeld, because of a conflict of interest which had arisen, withdrew and was replaced as counsel by

attorney Stephen Gallagher. It is attorney Gallagher's representation which is now assigned as ineffective. Appellant complains counsel did not confer with him at sufficient length, did not conduct an independent investigation of the case, and did not attempt to interview witnesses.

■ We begin by noting that mere shortness of time in conference does not, without more, establish ineffective assistance of counsel. *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973). Neither is it *per se* ineffectiveness for counsel to fail to interview or call potential defense witnesses. *Commonwealth v. Johnson*, 479 Pa. 60, 387 A.2d 834 (1978); *Commonwealth v. Olivencia*, 265 Pa.Super. 439, 402 A.2d 519 (1979).

At the evidentiary hearing appellant asserted that if he had gone to trial he would have requested that counsel subpoena a doctor at the detention center who would testify appellant was given medication for narcotics withdrawal at the time he was arrested. It is true we have found ineffective assistance of counsel where counsel failed to call witnesses an accused wished to have testify. See, e. g., *Commonwealth v. Smith*, 442 Pa. 265, 275 A.2d 98 (1971).

In the instant case, however, trial counsel testified at the evidentiary hearing that when he was appointed to represent appellant he immediately met with prior counsel. Counsel testified he received the case file and transcript of the suppression hearing. He ascertained appellant's statement had been ruled admissible. Counsel further learned that three of appellant's co-defendants had been convicted for their participation in the instant crime and sentenced to life imprisonment, and that a fourth accomplice had testified at the trials of the three co-defendants and would testify against appellant. When counsel met with appellant prior to the entry of the guilty plea, appellant admitted the truth of the confession and volunteered nothing in mitigation. Appellant testified at the evidentiary hearing that he did not inform counsel of any witnesses he desired to have called, nor did he indicate what any such witnesses might provide by way of a defense.

■ Any failure to attempt to interview witnesses of whose existence counsel is unaware is not ineffectiveness. *Commonwealth v. Johnson*, 479 Pa. 60, 387 A.2d 834 (1978); *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973). Moreover, the failure to conduct a more intensive investigation of the case than was instantly conducted in the absence of any indication that such investigation would develop more than was already known, is similarly not ineffectiveness. *Jones, supra.*

■ Appellant next asserts trial counsel was ineffective in that he did not explain to appellant that the issue of voluntariness of his statement could, notwithstanding the adverse result at the suppression hearing, be argued to the trier of fact at trial. As we stated in *Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978), "before a defendant on direct appeal is entitled to relief under a theory of ineffective assistance of trial counsel, it must appear that the lawyer's act of omission or commission was arguably ineffective representation, and that it is likely that such ineffectiveness was prejudicial to the defendant." *Wade, Id.*, 480 Pa. at 172, 389 A.2d 560.

The record in the instant case reveals that appellant's first attorney informed him subsequent to the denial of his suppression motion that the statement could still be challenged at trial. Moreover, counsel told appellant the issue of voluntariness could be appealed if the result at trial was adverse. Nevertheless appellant proposed entry of a guilty plea, on two occasions, in return for a sentence recommendation of five to twenty years.

■ Although trial counsel testified he did not recall whether or not he told appellant the voluntariness of the statement could be challenged at trial, we find that even if he did not do so, on the state of this record, no prejudice resulted. *Wade, id.*

Similarly, and for the same reasons, appellant's assertion that counsel was ineffective for failing to explain the sup-

pression issue was appealable, must also fail. Moreover, trial counsel testified that he did explain to appellant his appeal rights regarding the statement.

Fourth, appellant argues trial counsel provided constitutionally ineffective representation because he failed to explain to appellant the procedures for withdrawal of a guilty plea and taking an appeal. Appellant's final and related assertion assigns as ineffectiveness counsel's failure to file a motion to withdraw the plea.

We reiterate that in order for one on direct appeal to prevail on a theory of ineffective assistance of counsel, he must show an act of omission or commission by counsel which was arguably ineffective, and also the likelihood he was prejudiced thereby. *Wade, id.*

For several reasons appellant in the instant case cannot prevail.

Preliminarily we note that there is no requirement in our law that every attorney who has represented a criminally accused during a guilty plea proceeding file after its acceptance a petition to withdraw the plea. There is in the record of the instant case uncontradicted testimony that appellant never requested counsel to file such a petition. Appellant's response is that no such request was made because counsel never informed him of his right to file such a petition. Although the record would appear to indicate appellant was aware of this right in that subsequent to sentencing another attorney was retained for the express purpose of filing a petition to withdraw appellant's plea, we nevertheless address this contention.

Although the only issues before us are those challenging counsel's representation, and not those which go to the merits of appellant's claim his plea was involuntarily entered, it is nevertheless often necessary, in an ineffectiveness context, to review the underlying claim as well. This is so because we have consistently held counsel will not be considered to have been ineffective if his action or inaction had "some reasonable basis designed to effectuate his

client's interests." *Commonwealth ex rel. Washington v. Maroney, supra.* And we will find a "reasonable basis" for inaction if the thing not done had no likelihood of success. *Commonwealth v. Wilson,* 482 Pa. 350, 393 A.2d 1141 (1978); *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974). Thus if a post–sentence petition to withdraw the guilty plea can, in the instant case, be said to have been a fruitless act, counsel will not be held to have been ineffective for failing to file such a petition.

We are aided in our analysis of this question by the record of the evidentiary hearing and the opinion of the hearing court. That court, recognizing the interrelation between appellant's claim of ineffective assistance of counsel and his claim of an involuntary guilty plea, granted appellant's counsel considerable latitude in challenging the plea itself. And that court found, in its opinion, that as a matter of fact the plea was voluntarily entered.

Other than the issues addressed *supra,* appellant's only additional argument concerning involuntariness is one which claims the trial court confused appellant regarding the use to which the prosecution might put appellant's confession at trial. Yet the hearing court noted the following portion of the guilty plea colloquy contradicts appellant:

"[BY THE COURT]: 'Well, if the case were to be tried, the Commonwealth has this statement which they said you gave, and you gave voluntarily, and that you were provided all your constitutional rights, and you would have the right to challenge that during the course of trial. Your attorney would object to the use of that statement. By pleading guilty you are giving up the right to challenge that, the use of that statement; do you understand that?'

"To this the defendant replied, 'Yes.' After further questions and answers the Court stated to the defendant: 'But I won't accept any guilty plea unless you want to plead guilty. Do you understand all this?', and the defendant replied, 'Yes, sir.' Immediately thereafter the Court asked: 'Now, what is it that you want to do?', and the defendant replied, 'I would like to plead guilty.'"

We agree with the hearing court that appellant understood his rights concerning his confession at the guilty plea stage.

Finally we note that had appellant timely filed a petition to withdraw his plea he would have gotten no more than he has already received: a hearing on the issue of voluntariness. He has thus not been prejudiced by any failure to petition to withdraw the plea. Cf. *Commonwealth v. White*, 476 Pa. 350, 382 A.2d 1205 (1978).

Judgment of sentence affirmed.

ROBERTS, J., files a concurring opinion in which NIX, J., joins.

ROBERTS, Justice, concurring.

I agree with the majority that the judgment of sentence must be affirmed. I write to clarify the proper standards to be applied in testing appellant's ineffective assistance claims.

First, for appellant to prevail on his claims of pre–guilty plea ineffectiveness, the record must establish that the alleged ineffectiveness induced his plea. See e. g., *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978). Second, under Pennsylvania's test of ineffective assistance of counsel, see *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 352–53 (1967), the inquiry is not whether prejudice ensued from counsel's action or inaction. As *Washington* states, we do not employ a "hindsight evaluation of the record." Rather, the inquiry is whether "the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests."

This record reveals neither ineffective assistance inducing appellant's plea nor ineffective assistance in post–plea proceedings. Thus the judgment of sentence may not be disturbed.

NIX, J., joins in this concurring opinion.