433 A.2d 1

**COMMONWEALTH of Pennsylvania,**

v.

**William C. MILLER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1980.

Decided Feb. 4, 1981.

178

Robert J. Campbell, Beaver Falls, for appellant.

John Lee Brown, Asst. Dist. Atty., Beaver, for appellee.

Before O'BRIEN, C. J., ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

O'BRIEN, Chief Justice.

This appeal is from an order of the Court of Common Pleas of Beaver County denying the requested relief of appellant, William C. Miller, under the Post Conviction Hearing Act.[1]

On March 28, 1978, appellant pled guilty to one count of voluntary manslaughter. The court accepted the plea and appellant was sentenced to a prison term of three-to-eight years, the sentence to run concurrently with a two-and-one-half-to-five-year prison term previously imposed in Allegheny County.

In September, 1978, appellant filed a P.C.H.A. petition, challenging the validity of his guilty plea. Following an evidentiary hearing, the court denied appellant relief and dismissed the P.C.H.A. petition.

On this appeal appellant challenges the validity of his plea of guilty to the charge of voluntary manslaughter on the basis that the plea was induced by counsel's ineffectiveness in failing to move to suppress his confession and in advising him to enter a plea of guilty.[2]

Ordinarily a party on appeal who seeks to challenge a guilty plea must first have filed a motion to withdraw the plea in the court where it was entered. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978); *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); Pa.R.Crim.P. 319–321. However, where as here, an appellant attacks a plea of guilty on the basis that trial counsel's ineffectiveness contributed to the plea and where appellant was represented post-trial by the same counsel, we have permitted appellate

1. Act of January 25, 1966, P.L. (1965) 1580, § 1, *et seq.*, 19 P.S. § 1180–1, *et seq.* (1978–79).

2. Appellant raises one further claim—*viz.*, that the Commonwealth failed to establish a factual basis for a plea of guilty. This claim, not having been raised on direct appeal, is waived. 19 P.S. § 1180–4 (1978–79).

review of the claim on the merits.[3]  *Commonwealth v. Unger*, 494 Pa. 592, 432 A.2d 146 (1980); *Commonwealth v. Ford*, 491 Pa. 586, 421 A.2d 1040 (1980); *Commonwealth v. Ford*, 484 Pa. 163, 398 A.2d 995 (1979); *Commonwealth v. Ray*, 483 Pa. 377, 396 A.2d 1218 (1979); *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976).

Instantly, appellant asserts two claims of ineffectiveness that contributed to his plea of guilty. In the context of the present case the claims are closely related. First, he maintains counsel should have moved to suppress his oral confession, and next, he contends counsel was ineffective for advising him to enter a plea of guilty to voluntary manslaughter.

Appellant's confession was made under the following circumstances. In May, 1971, the body of Charles O'Roark, with fifteen to eighteen stab wounds, was found in a ballfield in Aliquippa. More than six years later, on October 18, 1977, at approximately 6:30 P.M., appellant telephoned Captain Louis Ceccarelli of the Aliquippa police department at his home to arrange to meet him at a local tavern. Appellant asked Ceccarelli to buy him a drink and then spontaneously confessed to the 1971 killing. He described how the victim asked him for a ride home from a bar and how he stabbed the victim fifteen to eighteen times before dumping the body behind the ballfield. At the time appellant volunteered his confession the file on the O'Roark case was still open, but the case was not being actively investigated. There is no indication whatever that appellant's initial confession was prompted by police interrogation.

Officer Ceccarelli then took appellant home where he repeated his confession in front of his wife stating that he felt guilty and wanted to make amends. Officer Ceccarelli tried to persuade appellant to call him the next day if he

**3.** This Court has consistently recognized that counsel cannot be expected to assert his own ineffectiveness and under these circumstances we have held the issue of trial counsel's ineffectiveness is not waived by his failure to file a motion to withdraw the plea. *Commonwealth v. Ford*, 484 Pa. 163, 398 A.2d 995 (1979).

still wanted to confess, but appellant insisted upon going to the police station immediately. After he was read his *Miranda* rights, appellant dictated the following statement to Officer Ceccarelli at 8:38 P.M., October 18, 1977: "I, William Miller, killed Charles O'Roark in West Aliquippa, with a knife." Appellant then signed the statement.

A few days after his incarceration, appellant met with the Public Defender who testified that appellant initially wanted to plead guilty. In November or December, 1977, after an unrelated suspended sentence of two-and-one-half-to-five years was reimposed, appellant told counsel that he had no recollection of confessing and wanted to move to suppress his statement. He indicated, however, that he would plead guilty if his sentence would be no more than the two-and-one-half-to-five years he was already serving. Counsel testified he advised against filing a suppression motion since he believed it would fail leaving appellant in a worse bargaining position with the District Attorney. Counsel stated he believed the statement would be considered voluntary despite appellant's claim that he was intoxicated at the time, since the statement was given after appellant came forward to confess and was not made in response to police questioning.

We will not find counsel ineffective for failing to pursue appellant's claim of an involuntary confession where there was little likelihood of success and where the alternative he chose had a greater potential for effectuating his client's interest. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). In this case counsel testified that he conducted a thorough investigation of the circumstances of appellant's oral confession. He concluded that appellant's statement was volunteered and that although he had been drinking on the evening of October 18, 1977, he was not intoxicated at the time of the confession. Given the unlikelihood of success on a motion to suppress and appellant's initial desire to plead guilty, counsel cannot be deemed ineffective for failing to file a motion to

suppress. *Commonwealth v. Hubbard, supra.* Counsel chose to utilize the fact of appellant's repentance and his cooperation to negotiate a favorable plea bargain. This course of action resulted in the court's acceptance of appellant's voluntary manslaughter plea for which he received a concurrent minimum sentence of only six months greater than he was already sentenced to serve. Thus, counsel cannot be deemed ineffective for advising his client to enter a plea of guilty.

Order affirmed.