J-S11005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALVIN EARL LAWRENCE JR. | |
| Appellant | No. 1462 MDA 2014 |

Appeal from the PCRA Order August 8, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001818-2012

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED APRIL 01, 2015**

Appellant, Alvin Earl Lawrence, Jr., appeals from the order entered August 8, 2014, by the Honorable James P. Cullen, Court of Common Pleas of Lancaster County, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On August 16, 2012, Lawrence entered a negotiated guilty plea to fleeing or attempting to elude a police officer, firearms not to be carried without a license, persons not to possess firearms, and driving while operating privilege suspended or revoked.  The trial court sentenced Lawrence pursuant to the agreement to an aggregate term of 5-10 years'

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

imprisonment. Lawrence filed a direct appeal, but subsequently withdrew it on December 13, 2012.

On August 6, 2013, Lawrence filed a PCRA petition. Lawrence alleged in the petition that guilty plea counsel was ineffective for failing to adequately communicate with him prior to the plea, for encouraging him to plead guilty, and for failing to file a suppression motion. The trial court denied Lawrence's petition following a hearing. This timely appeal followed.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. ***See*** 42 Pa.C.S. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

We have reviewed Lawrence's brief, the relevant law, the certified record, and the well-written opinion of the Honorable James P. Cullen. Having determined that the PCRA court's opinion ably and comprehensively disposes of Lawrence's issues on appeal, with appropriate reference to the record and without legal error, we will affirm based on that opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA  :

    vs.      :   No. 1818-2012

ALVIN EARL LAWRENCE, JR.  :

**OPINION AND ORDER**

BY CULLEN, J.

On August 16, 2012, Defendant, Alvin Earl Lawrence, Jr., pled guilty pursuant to a plea agreement to one count of fleeing or attempting to elude a police officer,[1] one count of firearms not to be carried without a license,[2] one count of persons not to possess firearms,[3] and one count of driving while his operating privileges were suspended.[4] Under the terms of the plea agreement, Defendant was sentenced to 6 to 24 months incarceration, a fine of $50 and costs on the first count, 3½ to 7 years incarceration, a fine of $100 and costs on the second count, and 5 to 10 years incarceration, a fine of $100 and costs on the third count. A $200 fine was imposed on the final count.[5] All sentences were concurrent. (N.T., August 16, 2012, 21-22; N.T., January 9, 2014, Commw. Ex. 3).

On September 14, 2012, Defendant filed a notice of appeal to the Superior Court. Defendant was directed to file a concise statement of errors complained of on appeal

---

[1] 75 Pa. C.S. § 3733(a).

[2] 18 Pa. C.S. § 6106(a)(1).

[3] 18 Pa. C.S. § 6105(a)(1).

[4] 75 Pa. C.S. § 1543(a).

[5] A summary offense of driving vehicle at safe speed, 75 Pa. C.S. § 3361, was *nol prossed* upon payment of costs.

pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and on October 9, 2012,

counsel for Defendant filed a statement of intent to file an *Anders/McClendon* brief in lieu

of a statement of errors complained of on appeal.[6]

On December 13, 2012, Defendant withdrew his appeal in the Superior Court.

On August 10, 2013, Defendant filed a petition for relief under the Post Conviction

Relief Act.

A hearing on the petition was held on January 9, 2014. At the conclusion of the

hearing, the Court ordered the notes of testimony transcribed and established a briefing

schedule. For the reasons set out below, the Court concludes that Defendant has failed

to establish that he is entitled to relief. Accordingly, the petition will be denied.

## Discussion

In order to be eligible for relief under the Post Conviction Relief Act (the "Act"), a

defendant must satisfy the requirements of 42 Pa. C.S. § 9543 which provide in pertinent

part:

**§ 9543. Eligibility for relief**
**(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of the Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation, or parole for the crime;

. . .

---

[6]Pa. R.A.P. 1925(c)(4); *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

2

(2) That the conviction or sentence resulted from one or more of the following:

. . .

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

. . .

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa. C.S. § 9543(a).

The defendant bears the burden of establishing by a preponderance of the evidence that his conviction resulted from one or more of the enumerated errors listed in the Act. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014); *Commonwealth v. Crawley*, 541 Pa. 408, 412, 663 A.2d 676, 678 (1995).

Since Defendant's post conviction petition involves a claim of ineffective assistance of counsel, the following standards apply. Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. *Fears*, 86 A.3d at 804 (citations omitted). To obtain relief, the petitioner must demonstrate that counsel's performance was deficient and that deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068; *Commonwealth*

3

*v. Mallory*, 596 Pa. 172, 201, 941 A.2d 686, 704 (2008). Applying the *Strickland* performance and prejudice test, the Pennsylvania Supreme Court has noted that a properly pled claim of ineffective assistance of counsel posits that:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) [the petitioner] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Fears*, 86 A.3d at 804 (quoting *Commonwealth v. Lesko*, 609 Pa. 128, 15 A.3d 345, 37-74 (2011) (citations omitted)).

In evaluating a properly presented claim of ineffective assistance of counsel, a reviewing court will examine the basis for counsel's action only if it is first persuaded that the course of action forgone had arguable merit. *Commonwealth v. Pursell*, 555 Pa. 233, 255-56, 724 A.2d 293, 304 (1999). If the claim is without merit, the inquiry ends because counsel will not be deemed ineffective for failing to pursue a meritless, baseless or frivolous claim. *Commonwealth v. Rega*, 593 Pa. 659, 696, 933 A.2d 997, 1019 (2007).

In evaluating the second prong of the standard which requires an examination of counsel's conduct, the court must not employ a hindsight evaluation that examines whether other actions were more reasonable. *Commonwealth v. Zook*, 585 Pa. 11, 26, 887 A.2d 1218, 1227 (2005). Rather, a court must deem counsel to have been effective so long as the course which counsel chose was not unreasonable in acting to effectuate his or her client's interests. *Id.* Thus, a party must demonstrate that counsel's strategy was "so unreasonable that no competent lawyer would have chosen that course of conduct." *Commonwealth v. Chmiel*, 585 Pa. 547, 614, 889 A.2d 501, 541 (2005) (citing *Commonwealth v. Williams*, 537 Pa. 1, 29, 640 A.2d 1251, 1265 (1994)).

4

The third prong of the standard is of greatest significance. The Pennsylvania Supreme Court has consistently held that if the party asserting the claim has not established the prejudice prong, the claim may be dismissed on that basis alone without a determination of whether the party met the first two prongs of the standard. *Chmiel*, 585 Pa. at 613, 889 A.2d at 540; *Commonwealth v. Brown*, 582 Pa. 461, 481, 872 A.2d 1139, 1150 (2005); *Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 357 (1995).

This "prejudice inquiry requires consideration of the totality of the evidence." *Commonwealth v. Spotz*, 582 Pa. 207, 228 n.15, 870 A.2d 822, 835 n.15 (2005) (quoting *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069) (internal quotation marks omitted). Only in the absolute rarest of circumstances, those where counsel completely failed to oppose the prosecution's case, for example, may prejudice be presumed. *Id.* at 227, 870 A.2d at 834 (citing *Florida v. Nixon*, 543 U.S. 175, 179, 125 S. Ct. 551, 555 (2004); *Bell v. Cone*, 535 U.S. 685, 696-97, 122 S. Ct. 1843, 1851 (2002); *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984)). The defendant must demonstrate that "there is a reasonable probability that the result of the proceeding would have been different absent [counsel's] error." *Lesko*, 609 Pa. at 176, 15 A.3d at 373. That is, there must be a "reasonable probability that the outcome of the proceedings would have been different had counsel not been ineffective in the relevant regard – *i.e.*, that the defendant was prejudiced as a result of counsel's act or omission." *Commonwealth v. Dennis*, 597 Pa. 159, 175, 950 A.2d 945, 954 (2008).

5

"Failure to prove any prong of this test will defeat an ineffectiveness claim." *Fears*, 86 A.3d at 804 (citing *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n. 23 (2000)).

A defendant has the right to effective assistance of counsel during the plea process as well as during trial. *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007). Allegations of ineffective assistance of counsel in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen*, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999). To determine whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of the plea. *Id.* "The law does not require that [a defendant] be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [the defendant's] decision to plead guilty be knowingly, voluntary, and intelligently made.'" *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa. Super. 2006) (citing *Commonwealth v. Lewis*, 708 A.2d 497, 500-01 (Pa. Super. 1998)).

As fact finder in a proceeding for post conviction relief that is based on a claim of ineffective assistance of counsel, the credibility of witnesses remains exclusively within the province of the hearing court. *Commonwealth v. Pate*, 421 Pa. Super. 122, 132, 617 A.2d 754, 760 (1992) (citing *Commonwealth v. Moore*, 321 Pa. Super. 442, 450-51, 468 A.2d 791, 795 (1983)). An appellate court, therefore, "must give great weight to the findings of a lower court concerning the credibility of witnesses in a post-conviction proceeding." *Commonwealth v. Dupert*, 555 Pa. 547, 557, 725 A.2d 750, 755 (1999) (citing *Commonwealth v. Madison*, 501 Pa. 485, 491, 462 A.2d 228, 231 (1983)).

6

Defense counsel has a duty to adequately communicate with the client concerning all important issues in his or her case. *Commonwealth v. Brown*, 18 A.3d 1147, 1158 (Pa. Super. 2011) (quoting *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551 (2004). Included in this duty is the duty to convey all plea bargains and to explain the advantages and disadvantages of accepting the offer or going to trial. *Commonwealth v. Martinez*, 777 A.2d 1121, 1124 (Pa. Super. 2001).

Defendant claims guilty plea counsel was ineffective for failing to adequately communicate with him prior to the plea and for failing to file a suppression motion. Defendant further argues that guilty plea counsel "encouraged" him to plead guilty despite his knowledge that Defendant had been assaulted while at Lancaster County Prison and that he had stopped taking his medication for a mental health condition prior to the entry of his guilty plea. As a result, Defendant claims his guilty plea was not knowing, intelligent, and voluntary.

Guilty plea counsel testified at the hearing on Defendant's petition that he met with Defendant five times between the date of Defendant's arrest and the date of his guilty plea. (N.T., January 9, 2014, 53-54). The first meeting occurred March 4, 2012, at Lancaster County Prison, where they discussed counsel's fees, the charging documents and court procedures. (*Id.* at 26, 47-48). Defendant and guilty plea counsel met again at the preliminary hearing on April 4, 2012. (*Id.* at 27, 48). At that time, Defendant agreed to waive his preliminary hearing and accept a negotiated guilty plea for 5 to 10 years incarceration in exchange for the Commonwealth withdrawing a felony charge on another docket number. (*Id.* at 49). The terms of the offer required that Defendant plead guilty

7

within 30 days of his arraignment and that if Defendant did not plead guilty, the Commonwealth could reinstate the withdrawn felony charge. (*Id.* at 49-50, Commw. Ex. 6).[7]

On July 15, 2012, guilty plea counsel again visited Defendant at Lancaster County Prison to discuss the plea bargain and review discovery. (*Id.* at 27, 51, 67). The last time guilty plea counsel met with Defendant at Lancaster County Prison was the day before the guilty plea, August 15, 2012. (*Id.* at 29-29, 52). At this meeting, Defendant maintains he told guilty plea counsel he did not want to accept the plea agreement and he and his counsel argued about it, but counsel kept pressuring him. (*Id.* at 28-29).

The day of the guilty plea, Defendant asserts that guilty plea counsel tried to work out a different agreement with the assistant district attorney, but was unsuccessful. (*Id.* at 29-30). He further contends guilty plea counsel told him that if he did not take the plea agreement, the Commonwealth would rescind the offer and Defendant would face trial, where he would likely be unsuccessful. (*Id.* at 30). Defendant ultimately chose to plead guilty. (*Id.* at 36-37).

Defendant claims he requested to meet with guilty plea counsel on at least one other occasion after his preliminary hearing, but guilty plea counsel informed Defendant he was not available. (*Id.* at 28). A review of the record indicates this request was expressed in a letter sent by Defendant to his attorney on April 23, 2012, in which

---

[7]A stolen firearm was recovered during a search of Defendant's vehicle. (Def. Ex. 3). As a result, Defendant was charged with one count of receiving stolen property graded as a felony of the second degree. (Commw. Ex. 6; Def. Exs. 3-4). As part of the plea agreement, the Commonwealth withdrew the receiving stolen property charge. (Commw. Ex. 6).

8

Defendant requested his discovery and indicated that he would be willing to plead guilty after discussing his options with counsel. (Commw. Ex. 4). Guilty plea counsel responded to Defendant's letter on May 4, 2012, and informed Defendant that he would forward a copy of the discovery to Defendant once it was received and that the appropriate time to discuss Defendant's options would be some time after arraignment, or May 30, 2012. (*Id.*). Counsel did forward a copy of the discovery to Defendant and did discuss it with him at their meeting on July 15, 2012.

Defendant admitted at the PCRA hearing that when he met with guilty plea counsel they discussed a possible suppression issue, the possibility of going to trial, the possibility of entering a guilty plea and reviewed all of the discovery in the case. (N.T., January 9, 2014, 33). Defendant also admitted that he was aware of the conversations they were having and was a meaningful participant in the meetings. (*Id.* at 39). Guilty plea counsel also testified that Defendant was an active participant in all of their discussions and asked coherent and intelligent questions whenever he had a concern. (*Id.* at 72). Guilty plea counsel addressed Defendant's options with him regarding proceeding to trial or pleading guilty. (*Id.* at 73). The record is devoid of any evidence that guilty plea counsel did not adequately communicate with Defendant regarding his case. Therefore, Defendant's argument to the contrary is without merit.

Defendant next argues that guilty plea counsel was ineffective for failing to file a suppression motion. In order to show counsel was ineffective, Defendant must show that counsel lacked a reasonable basis for failing to challenge the evidence, that counsel did not have a tactical reason for failing to file the motion and that the motion to suppress

9

would likely have been successful. *See Commonwealth v. Arch*, 439 Pa. Super. 606, 614, 654 A.2d 1141, 1145 (1995), *Commonwealth v. Schroth*, 495 Pa. 561, 568, 435 A.2d 148, 151 (1981), *Commonwealth v. Miller*, 495 Pa. 177, 181-82, 433 A.2d 1, 3 (1981).

Defendant testified at the PCRA hearing that when he met with guilty plea counsel on August 15, 2012, he informed guilty plea counsel that he did not want to take the plea agreement and wanted to move ahead with a suppression motion. (N.T., January 9, 2014, 28-29). Defendant testified that guilty plea counsel informed him that it was too late to file such a motion and that there was no valid basis to suppress the evidence. (*Id.* at 29).

Guilty plea counsel testified at the hearing that either Defendant or Karina Personette, Defendant's girlfriend, asked him about the appropriateness of the stop of Defendant's vehicle, but he did not recall Defendant specifically asking him to file a suppression motion. (*Id.* at 56). Guilty plea counsel further stated that after reviewing the discovery and performing any necessary research, he did not feel a suppression motion would have been meritorious. (*Id.* at 56-57).

> I believe that the stop in Mr. Lawrence's case was appropriate. I believe the suppression motion would not have been meritorious. In addition, had we filed it and it was not meritorious, Mr. Lawrence was advised on a number of occasions, including the morning of April 4[th], that if that was the case, the plea agreement, which included the withdraw of a felony of the second degree and concurrency on all of the other charges on the case that did come in, would have been negated and his time of incarceration, if he lost, would have been significant, so that was a major factor, in addition to the fact that he told me on several occasions that he was speeding and that he had a gun in the vehicle.

(*Id.* at 58-59).

10

Defendant maintains that a suppression motion may have been meritorious, relying on *Commonwealth v. Feczko*, 10 A.3d 1285 (Pa. Super. 2010), in which the Pennsylvania Superior Court held that police must have probable cause to stop a vehicle for an alleged violation of the Motor Vehicle Code. Defendant maintains that because police did not time his speed for the required three-tenths of a mile, 75 Pa. C.S. section 3368, the stop was not supported by probable cause and, therefore, a suppression motion was warranted.

The record reflects that Defendant was initially stopped for going between 50 and 60 miles per hour in a 25 mile per hour zone in the City of Lancaster, and Defendant told the police he was going "about sixty-something." (N.T., January 9, 2014, 34, 40; Commw. Ex. 1, Def. Ex. 3). Defendant was not charged with driving above the maximum speed limit, 75 Pa. C.S. section 3362, but driving vehicle at safe speed, 75 Pa. C.S. section 3361. The stop occurred at approximately 11:55 a.m. (Def. Ex. 3). The time of day, the area in which he was stopped, and the officer's estimation of Defendant's speed are all relevant in determining whether officers had probable cause to stop Defendant's vehicle for a violation of 75 Pa. C.S. § 3361 (driving vehicle at safe speed). In this case, Defendant was going at least twice the speed limit on a city street. *See Commonwealth v. Perry*, 982 A.2d 1009, 1012-13 (Pa. Super. 2009), *Commonwealth v. Minnich*, 874 A.2d 1234, 1237-38 (Pa. Super. 2005) (stating that weather conditions, the time of day, and the location where the defendant was stopped, in conjunction with the officer's estimation that the defendant was traveling at least 15 miles per hour above the posted speed limit, are sufficient to constitute probable cause to stop the defendant for driving vehicle at safe speed).

11

Assuming, *arguendo*, Defendant did ask guilty plea counsel to file a suppression motion on August 15, 2012, guilty plea counsel had a reasonable basis for not doing so. At that point, the deadline for filing pretrial motions had passed and any motion could be denied as untimely. Pa. R.Cr.P. 579(A), 581(B). Had Defendant filed a motion to suppress, the negotiated plea agreement would have been withdrawn and Defendant would have faced another felony charge and the possibility of substantially more time in prison than the 5 to 10 years to which he agreed.

Based upon his conversations with Defendant regarding Defendant's motivation for his conduct, Defendant's prior record and the nature of the charges against him, in addition to counsel's well considered opinion that a suppression motion lacked merit, guilty plea counsel had a reasonable basis for not filing a motion to suppress the evidence and guilty plea counsel acted to effectuate Defendant's interests.

Defendant argues that guilty plea counsel "encouraged" him to plead guilty despite his knowledge that Defendant was assaulted while at Lancaster County Prison and that he was no longer being given medication for his mental health condition. Defendant also asserted that guilty plea counsel told him that pleading guilty would be "the fastest way out of Lancaster County Prison." (Def.'s Post-Conviction Mot., ¶ 26(c)).

Guilty plea counsel completed a written colloquy with Defendant on August 16, 2012, and reviewed Defendant's answers with him before having him sign it. (N.T., January 9, 2014, 70, Commw. Ex. 2). Guilty plea counsel stated that while Defendant told him he "needed to get out of Lancaster County Prison," he did not encourage or advise Defendant to accept the guilty plea and told Defendant that he could not make that

12

decision for him. (N.T., January 9, 2014, 55-56, 73, Commw. Ex. 5). During the course of guilty plea counsel's representation, Defendant maintained that he wanted to take responsibility for his actions and plead guilty. (N.T., January 9, 2014, 74, Commw. Ex. 5).

Defendant did not inform guilty plea counsel of any mental health issues at any of their meetings or on the date of the guilty plea. (N.T., January 9, 2014, 72). Guilty plea counsel further testified that he was not aware of an altercation in which Defendant was involved or that Defendant was taking medication, and that if he had been made aware of it on August 16, he would have informed the assistant district attorney. (Id. at 73, 76). Both Defendant and Ms. Personette stated they informed guilty plea counsel about the incident at Lancaster County Prison in June, 2012, in which Defendant was injured, and that Defendant was on medication. (Id. at 10-12, 30-31, Commw. Ex. 4, Def. Ex. 1).[8] Guilty plea counsel stated that he noticed no change in Defendant's demeanor in the course of the five months of counsel's representation, and that whatever Defendant may have experienced in prison "had no effect on [their] discussions at any level." (N.T., January 9, 2014, 76).

A defendant who chooses to plead guilty has a duty to answer questions truthfully during the colloquy and will be bound by those answers. Commonwealth v. Stork, 737 A.2d 789, 790-91 (Pa. Super. 1999); Commonwealth v. Phillips, 374 Pa. Super. 219, 222, 542 A.2d 575, 577 (1988). The defendant cannot assert grounds for withdrawing his guilty

---

[8]Commonwealth's Exhibit 4 and Defendant's Exhibit 1, Defendant's medical records, indicate Defendant was on medication for a mental health issue from June 27, 2012, until July 11, 2012. On July 12, 2012, Defendant met with a counselor and stated he was doing well on the medication, and she noted that "he appeared to understand that [the medication] was given on a temporary basis." (Commw. Ex. 4, p. 52).

13

plea that contradict the statements he made during the guilty plea colloquy. *Stork*, 737 A.2d at 790-91.

The Court conducted a thorough oral colloquy on the record with Defendant. During this colloquy, Defendant said he had never been treated for any mental health conditions. (N.T., August 16, 2012, 5). Defendant also stated that he understood that by pleading guilty, he was giving up his right to file any pretrial motions and the right to challenge the legality of the vehicle stop. (*Id.* at 12, 14). At the PCRA hearing, Defendant reiterated that he understood what he was doing by entering a plea of guilty and understood the sentence he was facing. (N.T., January 9, 2014, 23).

Defendant also stated both on the written guilty plea colloquy and during the oral colloquy that he had not been threatened or forced to plead guilty and that he made the decision to plead guilty of his own free will. (Guilty Plea Colloquy, ¶¶ 8, 11-14; N.T., August 16, 2012, 14-15). He stated that he had sufficient time to speak with guilty plea counsel, that he was satisfied with guilty plea counsel's work on his behalf and had no complaints about what guilty plea counsel did or did not do on his behalf. (N.T., August 16, 2012, 15-16).

After Defendant returned to Lancaster County Prison the day of the guilty plea, he spoke with a counselor and told her that while the sentence was what he expected, he was hoping for leniency and planned to appeal. (N.T., January 9, 2014, 38, Commw. Ex. 4, p. 53). Defendant also told the counselor he was not experiencing any emotional issues. (*Id.*). Based on the demeanor of the witness, the consistency of the testimony and the

14

interest of the parties, the Court does not find Defendant's assertion that he was threatened or pressured by guilty plea counsel to plead guilty to be credible.

The law does not require Defendant be happy with his sentence; only that his guilty plea was made knowingly, intelligently and voluntarily. Defendant has failed to meet his burden of showing his guilty plea was not made knowingly, intelligently and voluntarily. Therefore, Defendant's contention that he was coerced into pleading guilty due to counsel's ineffectiveness is without merit, and Defendant is not entitled to relief.

Accordingly, the Court enters the following: