J-S13010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDERICK SMITH, | |
| Appellant | No. 552 WDA 2018 |

Appeal from the PCRA Order Entered March 22, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0002180-2013
CP-02-CR-0002182-2013

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED  MAY 10, 2019**

Appellant, Frederick Smith, appeals from the post-conviction court's March 22, 2018 order denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that the PCRA court erred by denying his claim that his trial counsel acted ineffectively by permitting him to plead guilty to the offense of conspiracy to commit intimidation of a witness, where the Commonwealth's factual summary was inadequate to support that charge.  After careful review, we affirm.

On April 28, 2014, Appellant entered a negotiated guilty plea (in two separate, but related, cases) to one count of statutory sexual assault, 18

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pa.C.S. § 3122.1(a)(2) (defendant eight years older but less than 11 years older than the complainant), and one count of conspiracy to commit intimidation of a witness (hereinafter, "conspiracy to intimidate"), 18 Pa.C.S. §§ 903 and 4952. That same day, Appellant was sentenced to two, concurrent terms of 18 to 36 months' incarceration, a consecutive period of 4 years' probation, and a 25-year registration requirement under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41. Appellant did not file a direct appeal from his judgment of sentence.

On June 23, 2014, Appellant filed a timely, *pro se* PCRA petition and counsel was appointed. Counsel filed an amended petition on Appellant's behalf in December of 2014. After the Commonwealth filed an answer to Appellant's petition, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant did not file a response, and the court issued an order on April 14, 2015, dismissing his petition.

Appellant filed a timely notice of appeal, raising three claims alleging plea counsel's ineffectiveness. After rejecting the first two issues as meritless, this Court issued a memorandum decision concluding that Appellant's third ineffectiveness claim warranted an evidentiary hearing. **Commonwealth v. Smith**, No. 729 WDA 2015, unpublished memorandum at 15-16 (Pa. Super. filed May 24, 2016) (hereinafter, "**Smith I**"). More specifically, the **Smith I** panel agreed with Appellant that there was arguable merit to his claim that

the following factual basis, offered by the Commonwealth at Appellant's plea proceeding, was insufficient to support the charge of conspiracy to intimidate:

> [The Commonwealth:] With regard to CC 201302180, the testimony would have been substantially that [Appellant,] while in the intake at the Allegheny County jail, placed a call to a witness the Commonwealth would have presented to testify by the name of Sabrina Malloy.
>
> She would testify that she received that call and we would put those recordings into evidence but that [Appellant] substantially asked her to head up to the Spring Street area giving her the address, make contact with the victim's mother and ask [the mother] if they would drop the charges saying that [Appellant] was -- and asked [Malloy] to relay that [the victim] told [Appellant] that she was older than 1[8]. That would be the sum of the Commonwealth's testimony, Your Honor.

N.T. Plea Hearing, 4/28/14, at 36-37.

In **Smith I**, we accepted Appellant's position that "the elements of the offense [of intimidation of a witness] require a person to intimidate or attempt to intimidate a person." **Smith I**, No. 729 WDA 2015, unpublished memorandum at 15 (quoting Appellant's Brief in **Smith I** at 17; citing **Commonwealth v. Doughty**, 126 A.3d 951, 957 (Pa. 2015)). We then explained:

> The factual summary provided by the Commonwealth in this case established that Appellant called Ms. Malloy and asked her to go to the victim's house to request that the victim's mother 'drop the charges,' and explain to the victim's mother that the victim told Appellant she was older than 18. Nothing on the face of [the above-quoted] factual summary demonstrates that Appellant intended that Ms. Malloy intimidate the victim's mother when making these requests. Moreover, the victim's mother clearly was not intimidated by Ms. Malloy, as she assaulted Ms. Malloy on her doorstep. Accordingly, we find arguable merit in Appellant's

contention that the factual summary was inadequate to prove the intimidation element of the crime of conspiracy to intimidate.

We recognize that at the plea proceeding, defense counsel remarked that he "believe[d] … the intimidation could be that a jury could find … that merely sending someone to the house is truly intimidation." N.T. Plea Hearing at 19. However, we can find no case law addressing the question of whether 'sending someone' to a witness' home would alone be sufficient to prove intimidation. Moreover, because the PCRA court did not conduct a hearing, we do not have any explanation for counsel's belief, nor the ability to assess the reasonableness thereof.[4] We also point out that in its opinion, the PCRA court did not address Appellant's claim that the Commonwealth's factual summary failed to establish intimidation, despite that Appellant raised that argument in his [Pa.R.A.P.] 1925(b) statement. For these reasons, we cannot assess the reasonable basis or prejudice prongs of Appellant's ineffectiveness claim on the record as it currently stands.

> [4] For instance, counsel may have reviewed the discovery and had knowledge of facts bolstering a conclusion that Appellant intended to intimidate the victim's mother by sending Ms. Malloy to her home.

**Smith I**, No. 729 WDA 2015, unpublished memorandum at 15-16.

The **Smith I** panel thus vacated the PCRA court's order denying Appellant's petition and remanded for the court to conduct an evidentiary hearing, which the court convened on March 2, 2018. At that proceeding, both plea counsel and Appellant testified. On March 22, 2018, the PCRA court issued an order denying Appellant relief on this ineffectiveness claim for the second time. Appellant filed a timely notice of appeal, and he also timely complied with the PCRA court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states one issue for our review:

1. Did the PCRA [c]ourt err in concluding that [p]lea [c]ounsel was not ineffective in permitting Appellant to enter a guilty plea to an offense where the factual basis offered at the time of the plea was inadequate to support the charge?

Appellant's Brief at 3.

Initially, we recognize the following:

Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. We will not disturb the PCRA court's findings unless the record fails to support those findings.

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.[] § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for [an] [a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel[,] which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

*Commonwealth v. Rathfon*, 899 A.2d 365, 368–69 (Pa. Super. 2006) (internal citations, quotation marks, and certain formatting omitted).

In the case *sub judice*, the PCRA court rejected Appellant's ineffectiveness claim, first concluding that his underlying issue lacked arguable merit because the Commonwealth's factual summary - set forth *supra* - was sufficient, if believed by the fact-finder, to prove the charge of conspiracy to intimidate. **See** PCO at 5. In this regard, we agree with Appellant that the court erred. In **Smith I**, we explicitly stated that there was "arguable merit in Appellant's contention that the factual summary was inadequate to prove the intimidation element of the crime of conspiracy to intimidate." **Smith I** at 15. No evidence produced at the hearing on remand altered our decision in this regard.

However, the PCRA court alternatively concluded that plea counsel had a reasonable basis for allowing Appellant to plead guilty. **Id.** at 5-6. We agree. At the evidentiary hearing, plea counsel testified that he believed the plea deal offered to Appellant was good because the Commonwealth was agreeing to withdraw six serious charges in exchange for Appellant's pleading guilty to two offenses, and the sentences offered by the Commonwealth were in the low-end of the standard guideline range for Appellant's statutory sexual assault crime, and one year below the mitigated guideline range for his conspiracy to intimidate charge. **See** N.T. Hearing, 3/2/18, at 12-15. Counsel testified that he communicated to Appellant that this was "a good deal[,]"

even though the Commonwealth's case was weak on the conspiracy to intimidate charge. When asked to elaborate, counsel explained:

> [Plea Counsel:] … [W]ell, regarding the case which held all the sexual charges, as I informed [Appellant], it would largely boil down to his word against hers, and so, whether or not his defense was successful could depend largely upon whether or not a jury would believe him. And for the charge of conspiracy to intimidate a witness, I told him I thought it was not the strongest intimidation case I'd ever seen in my life, but my gut instinct was that most Judges in the Courthouse would probably find him guilty based on the facts that were alleged in the Complaint, and if those facts came out at trial, I think they would find him guilty.
>
> As far as a jury goes, I said he might have more luck in alleging that he didn't actually attempt to intimidate or threaten a witness, but I could still find it conceivable that they could convict him.

***Id.*** at 16-17. The Commonwealth then asked whether it was counsel's understanding, after giving Appellant this advice, that "he still wanted to plead guilty even knowing that he might have a defense to [the] charge [of conspiracy to intimidate,]" to which counsel replied, "Yes." ***Id.*** at 17.

The PCRA court found this testimony by counsel credible, and determined that counsel had expressed a reasonable basis for his decision to advise Appellant to plead guilty. ***See*** PCO at 6. In reaching this conclusion, the court was guided by the following portion of ***Commonwealth v. Fluharty***, 632 A.2d 312 (Pa. Super. 1993):

> Where counsel is able to negotiate a favorable plea bargain, and where the defendant understands the bargain and is satisfied with and accepts it rather than go to trial, the decision by counsel not to object to a defective guilty plea colloquy will be deemed a reasonable one. Under such circumstances, counsel will not be found to have been ineffective. ***See***[] ***Commonwealth v.***

> *Johnson*, 355 Pa. Super. 123, 137-139, 512 A.2d 1242, 1249-
> 1250 (1986); *Commonwealth v. Burno*, 310 Pa. Super. 564,
> 456 A.2d 1080 (1983); *Commonwealth v. Weiss*, 289 Pa.
> Super. 1, 432 A.2d 1020 (1981). *See also*[] *Commonwealth v.
> Newell*, 486 Pa. 474, 406 A.2d 733 (1979).
>
> Instantly, in exchange for pleas of guilty to charges of
> aggravated assault and carrying a firearm without a license, it was
> agreed that [the] appellant would receive concurrent sentences
> for his crimes.[4]  It was also agreed that the Commonwealth would
> *nolle pros* additional charges of recklessly endangering another
> person, making terroristic threats, possessing an instrument of
> crime, former convict not to own a firearm, resisting arrest and
> criminal conspiracy.  Had [the] appellant elected to go to trial
> under these circumstances, he faced a substantially longer term
> of imprisonment, if convicted, than he received as a result of the
> guilty pleas which he entered.  Indeed, even [the] appellant
> conceded at the [PCRA] hearing that his principal reason for
> pleading guilty was because he was worried about receiving a
> longer sentence if he went to trial and was found guilty.  The
> record of the guilty plea colloquy establishes that [the] appellant
> fully understood the bargain which counsel negotiated with the
> Commonwealth and that he was satisfied to accept it.  Under these
> circumstances, we agree with the [PCRA] court that counsel was
> not ineffective for advising [the] appellant to enter the guilty plea.
> [The a]ppellant received the benefit of a favorable plea bargain
> negotiated by counsel and knowingly and voluntarily decided to
> accept that bargain.
>
> > [4] In fact, the sentences received by [the] appellant were at
> > the low end of the mitigated range of the Sentencing
> > Guidelines.

*Id.* at 318-19.

Here, as in *Fluharty*, Appellant clearly received the benefit of a

favorable plea bargain.  Had he elected to go to trial, he would have been

exposed to a much lengthier term of incarceration.  Plea counsel recognized -

and communicated to Appellant - that the facts supporting the conspiracy to

intimidate charge were weak, but that, in counsel's opinion, Appellant could

still be convicted of that offense if he proceeded to trial. Counsel advised Appellant that the Commonwealth's plea offer was good, and that Appellant should accept it, despite his potential defense to the conspiracy to intimidate charge. Counsel believed that Appellant understood all of this in deciding to plead guilty.

We also note that, on appeal, Appellant admits that "there is no doubt that plea counsel believed he had secured a good plea deal for Appellant ***and that it was in Appellant's best interests to take the plea***." Appellant's Brief at 10 (emphasis added). Appellant further acknowledges that "an individual is permitted to make an informed decision to accept a guilty plea, even when one believes he is innocent, rather than accept the risk of an adverse jury verdict and that entering a plea under those circumstances does not render the plea unknowing." ***Id.*** (citing ***Fluharty***, 632 A.2d at 315). He insists, however, that he "made clear" in his testimony at the PCRA hearing "that he did not enter a plea even though he believed he was innocent because the deal was too good to pass up[,] and his efforts to void the plea bear this out." ***Id.*** at 11. In other words, Appellant seemingly contends that he did not have a strategic reason for pleading guilty to conspiracy to intimidate, despite the inadequacy of the Commonwealth's factual summary, and, therefore, counsel should not have permitted him to do so.

Appellant's argument is unconvincing. While he did testify at the PCRA hearing that he did not "feel motivated to take this plea because it was such a great deal[,]" he also stated on cross-examination that he pled guilty to

resolve the case, and because it "appeal[ed] to [him] that the Commonwealth had offered [him] a minimum sentence of 18 months based on all the time that [he] previously had in jail[.]" N.T. Hearing at 45, 47. Thus, Appellant did state strategic reasons for pleading guilty to the at-issue offense.

In sum, in light of the testimony admitted at the PCRA hearing, we conclude that the record supports the PCRA court's determination that counsel had a reasonable basis for advising Appellant to plead guilty to conspiracy to intimidate, as doing so was in Appellant's best interest. Further, Appellant understood his potential defenses to that charge, and entered a knowing and voluntary plea. Therefore, the court did not err in denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2019